UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| FIRST FINANCIAL BANK, N.A. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   12-cv-1509 |
| ) | |
| SCOTT BAUKNECHT and STATE ) | |
| BANK OF GRAYMONT, ) | |
| ) | |
| Defendants. ) | |

## O R D E R  &  O P I N I O N

Before the Court are multiple discovery-related motions—Motion for Discovery Relief (Doc. 71) by Defendant Scott Bauknecht ("Bauknecht"), Motion for Protective Order and for Extension of Deadlines (Doc. 72) by Defendant State Bank of Graymont ("Graymont"), and another Motion for Protective Order (Doc. 75) by Graymont—as well as an Appeal (Doc. 78) from Magistrate Judge Cudmore's Order dated February 6, 2014, (Doc. 77), ruling on a prior discovery motion.[1] These matters have all been fully briefed. Except insofar as Graymont seeks an extension of time to complete discovery, these Motions and the Appeal are denied.

### PROCEDURAL HISTORY

Plaintiff filed the present case on December 13, 2012, bringing numerous claims relating to Bauknecht's transition from employment with Plaintiff to his subsequent employment with Graymont. Bauknecht was employed by Plaintiff as a

---

[1] There is also a pending Motion for Leave to File a Reply (Doc. 83) by Graymont. As explained below, the matter addressed in the proposed reply is irrelevant; thus, Graymont's request to file a reply is denied.

vice president and loan officer until January 23, 2012. Shortly thereafter, he began employment as a loan officer with Graymont. Plaintiff's claims relate to the alleged use of confidential information about Plaintiff's customers by Defendants and alleged breach of contract, among other things.

Since this case has been in discovery, multiple discovery-related motions have been filed, including those pending before the Court. Magistrate Judge Cudmore ruled on many of these previous motions; however, since his resignation and until a new magistrate judge is sworn in, the district judge must address all matters. (Text Order, Feb. 11, 2014).

## IPAD MOTIONS

Two pending Motions (Docs. 71, 72) are related, both primarily concerning documents that Plaintiff obtained from an iPad that was in Bauknecht's possession at the beginning of this case. They will thus be addressed together.

Primarily at issue in these Motions are two exhibits Plaintiff presented at its deposition of Bauknecht, Exhibits 19 and 20. These documents originated from an iPad that Bauknecht originally received from Freestar Bank, a company that eventually merged into Plaintiff. Bauknecht retained this iPad after his employment with Plaintiff ended. In his initial disclosures, Bauknecht disclosed that he had possession of the iPad. Plaintiff wanted to obtain documents from this iPad, and so eventually arrangements were made to have an image taken of all files on the device. As these arrangements were being made, there was communication on the topic among counsel for all parties. During these communications, neither Defendant indicated it wanted the documents as well, and neither Defendant paid

the cost of obtaining them. In any event, Plaintiff alone paid the expenses of extracting these documents and obtained the images, and the iPad was returned to and remains in Bauknecht's possession.

In their Motions, Defendants both argue that because Plaintiff never produced these documents, even though they are responsive to prior discovery requests, Plaintiff should be sanctioned in the form of barring the use of these documents in these proceedings. The background of these documents in the above paragraph should make the absurdity of this argument obvious. Plaintiff first obtained Exhibits 19 and 20 from Defendant Bauknecht, in the form of images extracted from the iPad Bauknecht produced during discovery. The Court cannot fathom any basis for an obligation for Plaintiff to then give these documents to either Defendant. Parties need not re-produce documents obtained during discovery back to opposing parties whenever they are responsive to discovery requests. Such a requirement would be pointless, wasting everyone's time and money.

Bauknecht represents that he did not download any documents from the iPad himself "so as not to be accused of tampering with evidence." (Doc. 71 at 2 n.1). The inanity of this excuse aside, simply because he did not obtain the documents from the iPad himself does not mean Plaintiff was obligated to give those documents to him after it obtained them from his iPad. Additionally, Bauknecht still has possession of the iPad: He can obtain these documents at any time, and could have at any previous time in this litigation except for the period it was being imaged by an expert. Graymont does not have possession of the iPad, but could have, and still could, request Bauknecht to allow it to obtain documents from it, just as Plaintiff

3

did. Here again, simply because Graymont chose not to make efforts to obtain these documents from the iPad after it learned of the iPad's existence does not mean Plaintiff had to share with Graymont the documents it retrieved from it.

Further, Defendants make much of a dispute over whether the expert who obtained the imaged documents from the iPad was an agent for Plaintiff or was a neutral party. However, this matter is irrelevant for purposes of these Motions.[2] Even if the expert was Plaintiff's agent, the iPad was originally, and is now, in Bauknecht's possession. Plaintiff only obtained the documents from that source. Defendants have no entitlement to demand production of documents from Plaintiff that were initially produced by Bauknecht. Thus, Plaintiff was not obligated to produce Exhibits 19 and 20 to Defendants, and is not obligated to produce all data recovered from the iPad, as Graymont requests.

In Bauknecht's Motion for Discovery Relief (Doc. 71), he also makes a confusing argument about two additional documents—Exhibit 26 and a settlement agreement relating to claims by previous customers of Plaintiff's—that Plaintiff attempted to present and ask questions about during Bauknecht's deposition. Quite simply, paragraphs five through eight of the Motion, relating to this argument, are incoherent. The Court cannot discern what relief Bauknecht requests or the basis for any relief with respect to these documents. In the prayer for relief, Bauknecht asks that Plaintiff be prevented from using Exhibit 26 to supply evidence on a motion or at trial. However, he states no basis for this request, and sets forth a confusing smattering of facts without anything that even borders on an adequate

---

[2] This is the primary issue emphasized in Graymont's proposed reply. Because it is irrelevant, leave to file a reply is denied.

explanation. It does not appear Bauknecht is arguing Exhibit 26, like Exhibits 19 and 20, was not produced in discovery by Plaintiff. The Court cannot grant relief when no basis is adequately presented; thus, Bauknecht's request with respect to Exhibit 26 is also denied. Accordingly, Bauknecht's Motion for Discovery Relief (Doc. 71) is denied, and Graymont's Motion for Protective Order and for Extension of Deadlines (Doc. 72) is denied except as explained below in the discussion of the request for an extension of the discovery deadline.

Plaintiff requests fees and costs for responding to these Motions pursuant to Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5). Rule 37(a)(5)(B) provides for an award of expenses by a movant if a discovery motion is denied, unless the motion was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). This provision applies to motions for protective orders pursuant to Rule 26(c)(3). Defendants' position, that documents initially produced by Defendant Bauknecht had to be produced back to them by Plaintiff, was not substantially justified, and there are no other circumstances that would make an award of expenses unjust. However, Rule 37(a)(5)(B) requires an opportunity to be heard before ordering expenses be paid. *Cf. Hayden Stone, Inc. v. Brode*, 508 F.2d 895, 897 (7th Cir. 1974) (finding briefing to justify actions satisfies "opportunity for hearing" requirement under former version of the rule). Thus, Defendants may each file a memorandum stating any grounds for why they should not be ordered to pay the costs of opposing their Motions, within twenty-one days of the date of this Order.

5

**RULE 30(B)(6) DEPOSITION MOTION**

Defendant Graymont also moves for a protective order limiting the questions Plaintiff can ask during its deposition of Graymont's Rule 30(b)(6) witnesses. (Doc. 75). At the end of January, Graymont presented three individuals to be deposed by Plaintiff as Graymont's representatives pursuant to Plaintiff's Rule 30(b)(6) deposition notice. Graymont specified by email correspondence which of the representatives would provide testimony on which of the listed topics. Also in email correspondence in advance of the deposition, Plaintiff indicated the designated representatives would also be fact witnesses and it would like to depose them on that basis as well. Graymont offered to allow fact depositions of each representative at the end of the day after their Rule 30(b)(6) depositions concluded. Graymont complains that, despite these understandings, Plaintiff 1) asked questions of the 30(b)(6) witnesses beyond the specific topics for which Graymont presented them, and 2) asked fact questions based on the witnesses' personal knowledge, not solely questions as Graymont's representative, during the 30(b)(6) deposition rather than waiting until the end of the day. Graymont argues this was in bad faith, and unreasonably annoyed, embarrassed, or oppressed the witnesses, in violation of Rule 30(d)(3)(A). (Doc. 75). Plaintiff argues that Rule 30(b)(6) does not operate as a limit on the questions that can be asked of a witness, and that any relevant questions may be asked. (Doc. 85).

Rule 30(b)(6) allows a party to depose an organization if it "describe[s] with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The organization can designate one or more representatives, and "may set out the

matters on which each person designated will testify." *Id.* Graymont cites a 1985 case in which a district court held that a Rule 30(b)(6) deposition must be confined to the matters in the notice of deposition. *Paparelli v. Prudential Ins. Co. of Am.*, 108 F.R.D. 727, 730 (D. Mass. 1985). Plaintiff, on the other hand, notes that since a 1995 case reaching the opposite result, *King v. Pratt & Whitney, a Div. of United Techs.. Corp.*, 161 F.R.D. 475 (S.D. Fla. 1995), all district courts that have addressed the issue have followed suit, concluding that any relevant questions can be asked during a 30(b)(6) deposition, not just on matters listed in the notice of deposition. *See Am. Gen. Life Ins. Co. v. Billard*, C10-1012, 2010 WL 4367052, *4 (N.D. Iowa Oct. 28, 2010) (collecting cases).

This Court finds the majority view persuasive, and agrees that once a witness is produced pursuant to a 30(b)(6) notice of deposition, all relevant questions for that witness may be asked under the general rules of depositions. *See King*, 161 F.R.D. at 476. This is the more practical rule, as both parties recognize that Plaintiff could depose these witnesses based on their factual knowledge relevant to the case. It makes little sense to require a formalistic division between the two depositions.

This is not to say that there may not be a distinction between what a witness testifies to as an organization's representative and what a witness testifies to based only on personal knowledge. That seems to be the purpose of the provision in Rule 30(b)(6) that allows the organization to set out the matters on which the representative will testify. Graymont may well wish to make clear which testimony is corporate testimony and which is not. However, matters outside the witness's

7

testimony as a corporate representative may still be the subject of Plaintiff's questions.

Accordingly, the Court finds no bad faith or unreasonable annoyance or embarrassment of the witnesses by Plaintiff. Thus, Graymont's Motion for Protective Order is denied. The depositions of Graymont's 30(b)(6) representatives shall be resumed. The Court declines to award Plaintiff costs for responding to this Motion. This matter could have easily been resolved without the need for Court intervention in numerous ways, and Plaintiff bears some of this responsibility. The Court expects that, when any remaining discovery dispute arises, the parties will attempt to resolve the matter in good faith before coming to the Court.

### APPEAL FROM MAGISTRATE ORDER

On November 22, 2013, Defendants jointly moved for a protective order, seeking a ruling that certain emails responsive to Plaintiff's discovery requests were privileged. (Doc. 59). On February 6, 2014, Magistrate Judge Cudmore denied the motion, concluding that the emails Graymont possessed that were between Bauknecht and his counsel were not privileged and the common interest doctrine did not apply, and thus the emails had to be produced. (Doc. 77). Bauknecht filed an appeal on February 11, 2014, challenging Judge Cudmore's ruling that the common interest doctrine did not apply in this case. (Doc. 78).

This Court reviews Magistrate Judge Cudmore's non-dispositive decision pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(A). A district court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." § 636(b)(1)(A); *see also* Fed. R.

Civ. P. 72(a). Applying this standard of review, a district court "can overturn the magistrate judge's ruling only if [it] is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

Although Defendants only mentioned the common interest doctrine as an aside in their Motion for Protective Order (Doc. 59 at 5), Magistrate Judge Cudmore considered the applicability of the doctrine in ruling on the Motion. He concluded that, because Defendants presented no evidence of a joint effort and a common legal interest beyond the mere fact that they are co-Defendants, the doctrine did not apply. (Doc. 77 at 7-8).

In Bauknecht's Appeal, he points to a reimbursement agreement between him and Graymont attached as an exhibit to his memorandum, arguing it proves they have a common interest. In a footnote, he notes "Local Rule 72.2(a) does not prohibit exhibit attachments for such appeals." (Doc. 79 at 2 n.1). The rule does not prohibit them, but that does not mean they will do him any good. As other judges in this district and others have also concluded, when reviewing a magistrate judge order for clear error, a district court will consider only evidence and issues that were before the magistrate judge. *See, e.g.*, *Murray v. Nationwide Better Health*, No. 10-3262, 2011 WL 2516909, at *2 (C.D. Ill, June 24, 2011). That is a basic premise of an appeal. Bauknecht otherwise presents no argument showing a clear error in Magistrate Judge Cudmore's ruling.

Even if the reimbursement agreement were considered, it does not show that Magistrate Judge Cudmore's ruling was clearly erroneous. The common interest

9

doctrine is an exception to the general rule that communications between an attorney and his client in the presence of a third person are not privileged. *See United States v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007). The doctrine only applies "where the parties undertake a joint effort with respect to a common legal interest," and only those communications made to "further an ongoing enterprise." *Id.* at 816.

The reimbursement agreement under which Bauknecht would reimburse attorney fees paid by Graymont if he is found liable does not prove they have or had a common legal interest. Further, Bauknecht makes no attempt to show that the specific communications were made to further an ongoing enterprise or were for the purpose of planning a joint strategy, and not simply emails Bauknecht mistakenly believed would not be monitored or viewed by Graymont. Thus, even had Magistrate Judge Cudmore had the reimbursement agreement before him when making his ruling, the determination was not clearly erroneous or contrary to law. His Order is affirmed, and Bauknecht's appeal is denied.

## EXTENSION OF DISCOVERY

In its Motion for Protective Order and for Extension of Deadlines (Doc. 72), Graymont requests an extension of the discovery deadline, noting several depositions were yet to be completed. The most recently set discovery deadline of February 17, 2014, has passed. Graymont does not propose any new dates. Plaintiff does not object to an extension of discovery, but does not think significant additional time is needed. Although much of the discovery should have occurred since Graymont's Motion was filed, the Court will set a new discovery deadline of April 7,

2014. Dispositive motions must be filed by May 9, 2014. The dates for the final pretrial conference and trial remain unchanged.

## Conclusion

IT IS THEREFORE ORDERED:

1. Defendant Bauknecht's Motion for Discovery Relief (Doc. 71) is DENIED.

2. Defendant Graymont's Motion for Protective Order and for Extension of Deadlines (Doc. 72) is GRANTED IN PART and DENIED IN PART.

3. Defendants MAY each file a memorandum within twenty-one days of the date of this Order stating grounds for why they should not be ordered to pay Plaintiff's costs for opposing their Motions (Docs. 71, 72) pursuant to Federal Rule of Civil Procedure 37(a)(5)(B).

4. Defendant Graymont's Motion for Leave to File a Reply (Doc. 83) is DENIED.

5. Defendant Graymont's Motion for Protective Order (Doc. 75) is DENIED.

6. Defendant Bauknecht's Appeal (Doc. 78) from Magistrate Judge Cudmore's Order dated February 6, 2014 is DENIED, and Magistrate Judge Cudmore's Order (Doc. 77) is AFFIRMED.

7. Discovery must be completed by April 7, 2014. Dispositive motions must be filed by May 9, 2014.

Entered this 11th day of March, 2014.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                      United States Senior District Judge