UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| FIRST FINANCIAL BANK, N.A. | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-cv-1509 |
| SCOTT BAUKNECHT and STATE BANK OF GRAYMONT, | ) |
| Defendants. | ) |

# O R D E R  &  O P I N I O N

This matter is before the Court to resolve the outstanding issue of whether to award costs to Plaintiff for having respond to Defendants' discovery-related motions (Docs. 71, 72). The Court, in the Order denying these motions, preliminarily determined that Defendants' positions were not substantially justified, but invited Defendants to file briefs stating any grounds for why they should not be ordered to pay costs for opposing their motions. (Doc. 90 at 5). Defendants have both filed briefs on the issue (Docs. 92, 94), and the matter is ready for resolution. For the reasons stated below, costs are awarded to Plaintiff for opposing Defendant Bauknecht's Motion (Doc. 71), but not for opposing Defendant Graymont's Motion (Doc. 72).

### BACKGROUND

Defendants each filed a motion arguing that Plaintiff improperly failed to produce certain documents obtained from an iPad that was originally in Defendant Bauknecht's possession. Bauknecht received the iPad from Freestar Bank, a

company that eventually merged into Plaintiff, and retained this iPad after his employment with Plaintiff ended. In his initial disclosures, Bauknecht disclosed that he had possession of the iPad, and produced an index of its contents. Plaintiff, wanting to obtain documents from the iPad, made arrangements to have an image taken of all files on the device at its own expense. Defendants were aware of these arrangements. After the image was created, the iPad was returned to and remains in Bauknecht's possession. In the motions in question, Defendants each argued Plaintiff should have produced two documents that it obtained from the iPad because they were responsive to discovery requests. These motions were denied because Plaintiff had no obligation to produce documents that it only obtained through its own discovery requests from Bauknecht. (Doc. 90 at 2-5). Bauknecht made an additional argument in his Motion, related to a different exhibit (Doc. 71 at 3-4). This argument was rejected as incoherent, as it did not state any basis for relief; even if there was any meritorious ground in the request, it was not adequately presented to the Court. (Doc. 90 at 4-5). Only the issue of a potential award of costs remains.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 37(a)(5)(B) provides that if a motion to compel discovery is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, expenses are not to be awarded if the motion was "substantially justified or other circumstances

make an award of expenses unjust." This provision applies to motions for protective orders pursuant to Rule 26(c)(3).

"The great operative principle of Rule 37(a)(5) is that the loser pays." 8B Charles Alan Wright et al., *Federal Practice and Procedure* § 2288 (3d ed. 2013). The purpose of this provision is to discourage unjustified motions and encourage the informal resolution of most discovery matters without court intervention. *See id.*; *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786-87 (7th Cir. 1994). Rule 37(a)(5) "presumptively requires every loser to make good the victor's costs." *Rickels*, 33 F.3d at 786.

## DISCUSSION

Defendants have now been heard, and the Court concludes that Defendant Bauknecht and his attorney must pay Plaintiff's costs for opposing their Motion (Doc. 71), but it would be unjust to require Defendant Graymont to pay costs for opposing its Motion (Doc. 72).

### *Defendant Bauknecht*

Defendant Bauknecht's primary argument for why his position that documents retrieved from his iPad should have been produced to him by Plaintiff was justified is that he and his counsel had decided not to view or download any documents from the iPad "for fear of being accused of tampering with evidence." (Doc. 92 at 2). This argument is baseless. There is no conceivable reason a party would accuse another party of tampering with evidence simply because they also viewed documents on an electronic device that are relevant to the case. If a party viewed or downloaded documents and there was, in fact, no tampering, such an

3

accusation would be as frivolous and unjustified as Bauknecht's discovery motion, and would also likely result in an award of costs for having to defend against it. Whatever their reasons, Bauknecht and his counsel made the decision not to review or print documents they surely knew could be relevant to the litigation from a device in their possession. This choice and the subsequent meritless motion for discovery relief are not justified by a desire to avoid a frivolous accusation of tampering with evidence.

Further, Bauknecht cites a rule of professional conduct that discusses discovery, including prohibitions against destruction or concealment of evidence or obstructive tactics during discovery, and argues that because of this legal backdrop, counsel "had every right and expectation that Plaintiff's counsel would produce and advise Defendant's counsel in advance of the deposition of any exhibits taken from the Ipad [sic] that Plaintiff's counsel intended to use." (Doc. 92 at 3). However, Bauknecht still points to no rule that justifies that expectation; the ethics provision cited does not address this situation, and the cases he cites are also inapplicable. If Bauknecht wanted to know what Plaintiff might have obtained from his iPad, he should have looked at the documents on it.[1]

Bauknecht also now describes his second argument, relating to a confidential settlement agreement marked as Exhibit 26, with slightly more detail than in his initial motion. In the initial motion, Bauknecht listed some facts about this document without any background information, and the only legal support cited for

---

[1] The Court cannot even say that Plaintiff, out of courtesy, should necessarily have informed Bauknecht of the documents he obtained from the iPad, because no reasonable person would likely have believed Bauknecht and his counsel were anything but fully aware of the documents on Bauknecht's iPad.

4

his request was the policy of a "broad scope of discovery" from Rule 26, even though it appeared the problem with Exhibit 26 was not even a matter of failure to disclose but rather that the exhibit should not be used because of its content. (Doc. 71 at 2-3). Bauknecht now sets forth an argument that is at least coherent, but this does not detract from the fact that his initial request was incomprehensible, and was not substantially justified. Accordingly, Defendant Bauknecht must pay costs for Plaintiff having to oppose his Motion for Discovery Relief (Doc. 71).

*Defendant Graymont*

Defendant Graymont also made the meritless argument that documents originally produced by Bauknecht, albeit in electronic form, should have been produced later by Plaintiff. Graymont could have obtained the iPad from Bauknecht as Plaintiff did, but it did not, and so had never seen the documents it contained. It thus reasonably seemed slightly more unfair to Graymont and its counsel that the documents in question had never been viewed by them prior to Bauknecht's deposition, even if a result of their own failure to pursue obtaining the iPad from Bauknecht.

Graymont repeatedly emphasizes that it is undisputed that the documents would have been subject to Rule 26(a) disclosures and were responsive to its discovery requests, and that Plaintiff only argues it was not obligated to produce them. (Doc. 94 at 2). That may be true, but the second part, that Plaintiff was not obligated to produce them because they originated from Bauknecht, who had already disclosed the iPad's existence and provided the documents in electronic form to Plaintiff, is precisely why Graymont's motion was clearly lacking merit.

5

Graymont correctly points to a duty to supplement disclosures and discovery responses, but a party need not supplement responses by producing documents it obtained through its own discovery requests of opposing parties. Graymont maintains an untenable distinction between producing physical documents and producing the documents in electronic format through the transfer of an electronic device; the fact remains that the documents, for purposes of this litigation, originated with Bauknecht. Somewhat more persuasively, Graymont points out that its motion was allowed in part, removing any presumption of awarding costs. That is true, but of course, the only part that was allowed was an extension of time to complete discovery, which was not even opposed.

Despite these flaws in its arguments, Graymont correctly points out that an argument can be meritless yet still substantially justified. Graymont may have misplaced the blame with Plaintiff, but it had an arguably justifiable complaint about never having viewed the documents at issue. Further, Graymont's position that Plaintiff should have, at a minimum, informed Graymont that it had obtained potentially responsive materials from the iPad, is not entirely unjustified. The Court thus finds that although Defendant's Motion for Protective Order (Doc. 72) was without merit, it would be unjust to require Graymont to pay Plaintiff's costs of opposing it.

*Costs*

As explained above, Plaintiff will be awarded its reasonable expenses, including attorneys' fees, incurred in opposing Defendant Bauknecht's Motion for Discovery Relief (Doc. 71). Because Plaintiff responded jointly to both motions

(Docs. 71 and 72) in a combined memorandum (Doc. 80), Plaintiff may not be able to easily identify only those costs attributable to opposing Defendant Bauknecht and not to Defendant Graymont. Accordingly, Plaintiff is instructed that, to the extent any itemized cost or period of time is attributable to opposing both motions jointly, Plaintiff may seek to recover half of that cost or time from Defendant Bauknecht. Plaintiff must submit to Defendant Bauknecht an accounting of its fees and costs within fourteen days of the date of this Order. Defendant Bauknecht or his counsel[2] must then pay the amount therein, or a mutually agreed amount, within twenty-one days of receiving the accounting. If the parties cannot agree on a proper amount, they may submit their dispute to the Court for resolution.

As a final matter, all parties involved in this litigation are warned that future discovery motions should be thoroughly contemplated before they are filed. A little civility would go a long way toward resolving most disputes that could arise in the future, and would save this Court time, and save the parties the expense of having to draft unnecessary briefs and the risk of having to pay the winner's costs.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff is AWARDED expenses, including attorneys' fees, for responding to Defendant Bauknecht's Motion for Discovery Relief (Doc. 71). Plaintiff SHALL submit to Defendant Bauknecht an accounting of these fees and costs within fourteen days of the date of this Order.

---

[2] In his brief, Bauknecht and his counsel apparently shoulder the responsibility jointly. (*See* Doc. 92 at 2 ("The decision [to not download images from the iPad] was made by Bauknecht and his counsel . . . .")). The Court will order the costs to be paid by both Bauknecht and his counsel, jointly. They may decide for themselves who should actually pay the costs.

7

Defendant Bauknecht and his counsel SHALL jointly pay the amount therein, or a mutually agreed amount, within twenty-one days of receiving Plaintiff's accounting. If the parties cannot agree on a proper amount, they MAY submit their dispute to the Court for resolution. This matter is REFERRED BACK Magistrate Judge Schanzle-Haskins for further pretrial proceedings.

Entered this 4th day of April, 2014.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge